BROWN *et al. v.* TOWNSEND *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1889.)

1. FRAUDULENT CONVEYANCES—GRANTEE—SUBSEQUENT PURCHASE OF JUDGMENT.
   Where a voluntary grantee, in a deed made in fraud of the grantor's creditors, subsequently purchases a judgment against the grantor recovered before those under which the attacking creditors claim, she will not be allowed, as against them, to hold the land as security for the judgment, or for the amount paid for it.

2. SAME—ACCOUNTING BY GRANTEE—TAXES.
   But the grantee, on accounting for the rents of the land while in her possession, is entitled to credit for sums which she has paid for taxes, interest on incumbrances, repairs, and any other necessary expenses.

Appeal from special term, Kings county.

Action by John Brown and another, judgment creditors of Joseph H. Townsend, against Joseph H. Townsend and others, to set aside a conveyance from Byron A. Beal to defendant Ann Chubb, a daughter of defendant Townsend, as fraudulent and void as against plaintiffs. On December 1, 1883, Townsend conveyed to Byron A. Beal certain premises in the city of Brooklyn; and, as part consideration for this conveyance, Beal agreed to convey to Townsend, or some person whom he should designate, certain other premises in the same city. On the same day, December 1, 1883, Townsend designated his daughter, the defendant Ann Chubb, as the person to whom Beal should convey the last-named premises. This was accordingly done. The trial court found as a fact that Ann Chubb paid no consideration to any one for the transfer to her of the property. It was further found as a fact that when these conveyances were made Townsend was insolvent, and caused the property to be conveyed to Ann Chubb in contemplation of his insolvency, with intent thereby to defraud his creditors, and evade the payment of his debts. On February 26, 1884, John Morton recovered a judgment for $6,117.80, against Townsend, which, on March 13, 1884, was assigned to Ann Chubb for a valuable consideration, and she was the owner thereof at the time of the trial. On February 21, 1885, the plaintiffs, John Brown and the White, Potter & Paige Manufacturing Company, each recovered a judgment against Townsend, and execution thereon was returned wholly unsatisfied. The indebtedness for which plaintiffs recovered judgment was incurred before December 1, 1883. The conveyance of December 1, 1883, was declared fraudulent and void as to plaintiffs. Judgment was rendered that defendant Ann Chubb execute a conveyance of the property to a receiver, to be appointed by the court; that the receiver sell the property, and apply the proceeds, after payment of costs and expenses, in satisfaction of plaintiffs' judgments; and that defendant Ann Chubb account for the rents which she had received from said property since she took possession thereof, which rents were also to be applied in satisfaction of plaintiffs' claims, in case of a deficiency on the sale of the property. From this judgment defendant Ann Chubb appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*H. C. M. Ingraham,* for appellant. *Daniel B. Thompson,* for respondents.

PRATT, J. The claim of the appellant that Ann Chubb should be allowed to hold the land in dispute as security for the Morton judgment, or for the

$4,000 paid therefor, seems to be answered by the opinion of EARL, J., at page 492 of 113 N. Y., (*Loos* v. *Wilkinson*, 21 N. E. Rep. 392,) to the effect that such protection will not be allowed. The one case cited in support of such claim was overruled.

The judgment below is, however, erroneous in not providing that Ann Chubb, on her accounting for rents received by her, be credited with such sums, if any, as she may have paid for taxes, interest on incumbrances, repairs, and any other necessary expenses for the preservation and maintenance of the property. No other error is found; and, with such modification as is required to protect appellant's rights in the respects pointed out above, the judgment must be affirmed, without costs of appeal. All concur.